FERNANDO J. CORTÉS, Plaintiff and Appellant, *v.* ADOLFO VALDÉS, Defendant and Appellee.

No. 5714. Argued February 2, 1932.—Decided March 10, 1932.

*A. Rivera Zayas* for appellant. *F. Soto Gras* for appellee.

MR. JUSTICE WOLF delivered the opinion of the Court.

This was an action for damages inasmuch as Adolfo Valdés, president of "Cortés & Segura, Inc.," was alleged to have illegally removed the complainant from his office and other matters springing from this alleged illegal action. The principal events happened in the year 1925 and the defendant alleged that the cause of action had prescribed in accordance with section 1869 of the Civil Code, which reads in part as follows:

"The following prescribe in one year:
"* * * * * * *
"2. Actions to demand civil liability for grave insults or calumny, and for obligations arising from the fault or negligence mentioned in section 1803, from the time the aggrieved person had knowledge thereof."

The plaintiff, on the other hand, alleged what is tantamount to an interruption of prescription. Both parties are agreed that the interruption of the prescription *vel non.* is the only question involved in the present appeal.

The appellant shows that "Cortés & Segura, Inc." brought a suit against him to recover possession of certain property; that the court below decided this question in favor of the said corporation; that this Court on appeal reversed the judgment and left the present plaintiff in possession of the said property or premises. 40 P.R.R. 525. The appellant maintains that no cause of action clearly arose in him until his right was determined by the reversal that took place in this Court.

We agree with the appellee that the ground of action was the removal of the plaintiff. A right of action immediately arose in him for any damages that he might have suffered by his removal either directly calculable or for the injury of his reputation in the community.

This Court suggested in its opinion that if the goods taken from the plaintiff herein could not be restored to him he might have an action for damages. But this Court was not passing upon the time when this right of action arose. If the plaintiff was in 1925 deprived of the possession of goods or property to which he had the right of ownership or custody he could have filed a cross complaint or a direct suit to recover such possession or custody.

It seems to us clear that this is an action to recover damages in no wise interrupted by the action of the defendant, and the prescription of paragraph 2 of section 1869, *supra,* applies.

The cases from the United States covering estoppels or acts preventing litigation do not apply.

The judgment wil be affirmed.